IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICH MEDIA CLUB, LLC, a Delaware limited liability company, and RICH MEDIA WORLDWIDE, LLC, a Delaware limited liability company,<br><br>       Plaintiffs,<br>v.<br><br>NIKOLAI MENTCHOUKOV, JAMES W. ROWAN, and LEFTSNRIGHTS, INC., a Delaware corporation, dba LIQWID, and JOHN DOES 1–25,<br>       Defendants. | MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTION TO COMPEL and DEFENDANTS' MOTION TO QUASH AND FOR PROTECTIVE ORDER<br><br>Case No. 2:11-cv-1202<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Brooke Wells |

This matter is before the Court on Plaintiffs' Rich Media Club, LLC and Rich Media Worldwide, LLC (collectively Plaintiffs or Rich Media) Motion to Compel Discovery Responses and Production.[1] Also before the Court are Defendants' Nikolai Mentchoukov, James Rowan,[2] and LeftsnRights, Inc., dba LIQWID (collectively Defendants) Motion to Quash Subpoenas Duces Tecum and Motion for Protective Order.[3] These matters came on for a hearing before the undersigned on March 23, 2012. At the hearing, Plaintiffs were represented by Jared Inouye and Daniel Brough; and Defendants were represented by Craig Parry and Chad Pehrson. At the conclusion of the hearing the Court found Plaintiffs' Motion to Quash moot[4] and took the

---

[1] Docket no. 53.

[2] At the time the instant motions were filed and heard, Jim Rowan was a named defendants. By Memorandum Decision and Order dated April 3, 2012, Judge Stewart, however, dismissed Jim Rowan as a named defendant. *See* docket no. 115.

[3] Docket no. 45.

[4] Docket no. 47.

remaining motions under advisement. The Court further directed the parties to submit proposed findings of fact and conclusions of law by April 6, 2012.

On April 3, 2012, Judge Stewart entered a Memorandum Decision and Order granting in part Defendants' Motion to Dismiss.[5] Specifically in that order Judge Stewart dismissed Defendant James Rowan with prejudice;[6] dismissed with prejudice: Defendants claims for breach of fiduciary duty,[7] for conversion and theft,[8] for tortious interference with economic relations through improper means,[9] for unjust enrichment,[10] for violations of Utah Code Ann. § 48-2C-807,[11] and for replevin.[12] Judge Stewart further dismissed without prejudice six other claims allowing Plaintiffs to file an amended complaint within thirty days setting forth the claims with more specificity. The claims dismissed without prejudice are for patent infringement of the '590 patent,[13] for violation of the Utah unfair competition act,[14] for tortious interference by improper purpose,[15] for civil conspiracy,[16] for fraudulent nondisclosure,[17] and for declaratory judgment.[18]

---

[5] Memorandum Decision and Order dated April 3, 2012, docket no. 115.

[6] *Id.* at 17-18.

[7] *Id.* at 7.

[8] *Id.* at 9.

[9] *Id.* at 11.

[10] *Id.*

[11] *Id.* at 12.

[12] *Id.* at 15.

[13] *Id.* at 5-6.

[14] *Id.* at 8.

[15] *Id.* at 11.

[16] *Id.* at 13.

[17] *Id.* at 13-14.

[18] *Id.* at 16-17.

The instant motions before this Court center on discovery requests propounded by Plaintiffs and subpoenas issued by Plaintiffs to certain third parties.  Defendants in their motions move the Court for an order "(1) quashing the Subpoenas Duces Tecum ("Subpoenas") issued by Plaintiffs upon third parties Via West and Consonus in this action; (2) protecting from disclosure Defendants' trade secret information, specifically, the information requested in Plaintiffs' Interrogatory No. 20; and (3) protecting from production and inspection Defendants' electronic storage devices, as requested in Plaintiffs' Request for Production Nos. 6 and 16."[19]  According to Defendants the subpoenas should be quashed because they seek trade secrets and other confidential and commercially sensitive information.

In response to Defendants' motions, Plaintiffs have filed a Motion to Compel seeking to discover the same items Defendants seek to prevent disclosure of.  Plaintiffs seek an order compelling complete responses to Interrogatory No. 20 and Requests for Production Nos. 6, 7, and 16, "including the complete production of all source code—front and back end, open and closed, in native electronic format bearing all original attributes."[20]  Plaintiffs specifically seek identification of all electronic computing devices in Defendant Mentchoukov's control or possession since 2002 and production and inspection of those computing devices currently in Mentchoukov's control or possession.

After a review of the parties' arguments and the discovery requests and in light of Judge Stewart's recent decision the Court finds that the arguments raised by Plaintiffs for discovering the materials they seek rely on claims that were dismissed without prejudice or with prejudice. Because there is no current operating Complaint in this matter it is not possible at this time for the Court to make a determination of relevance.  In similar fashion the Court cannot fully address

---

[19] Defendants' mtn p. 2-4.

[20] Pla. mtn p. 2.

at this time Defendants arguments against discovery. Further, the new Amended Complaint may render moot some of the current discovery requests and some arguments made by the parties in support of their respective motions. The Court therefore

    DENIES Plaintiffs' instant Motion to Compel. Upon the filing of a new Amended Complaint Plaintiffs are directed to propound new discovery requests that relate to the new Complaint. The Court further

    DENIES Defendants' Motion for a Protective Order. Once a new Amended Complaint is filed Defendants may, if necessary, seek protection from discovery those items it believes are improperly requested. The Court further

    GRANTS the Motion to Quash subpoenas. Given Judge Stewart's conclusion that Plaintiffs' Complaint lacked the requisite specificity the Court will not allow the current subpoenas to be enforced. If appropriate, Plaintiffs may reissue subpoenas at a future time after filing an appropriate Complaint.

    IT IS SO ORDERED.

    DATED this 18 April 2012.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge